**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES E. BEDEKER, SALLY BEDEKER and FIRST MIDWEST TRUST COMPANY, Trustee Under Trust # 6243 dated December 18, 1997, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, CHARLES F. CONNOR, ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, NATURAL RESOURCES CONSERVATION SERVICE, AND THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.

**08 C 1711**

**JUDGE ANDERSEN
MAGISTRATE JUDGE NOLAN**

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTION AND OTHER RELIEF

Plaintiffs, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust #6243 dated December 18, 1997, (the "Bedekers") by and through their attorneys, Schain, Burney, Ross & Citron, Ltd., for their Complaint for Declaratory Judgment, Injunction and Other Relief against Defendants, United States of America, Charles F. Connor, Acting Secretary of the United States Department of Agriculture, Farm Service Agency, Natural Resources Conservation Service, and the United States Department of Agriculture ("Agencies"), state as follows:

1.      This is an action seeking judicial review of the final determination of the National Appeals Division ("NAD") of the United States Department of Agriculture ("USDA") adverse to the Bedekers denying their request for good faith relief and equitable relief concerning the Farm Service Agency's ("FSA") previously rendered wetland conversion

determination which found the Bedekers ineligible to receive farm program benefits retroactive to 1998.

## THE PARTIES

2.      Plaintiffs, James E. Bedeker and Sally Bedeker are citizens of the State of Illinois residing in Grundy County, Illinois and are beneficiaries of the land trust which holds title to certain farmland located in Grundy County, Illinois.

3.      First Midwest Trust Company, is a national association with its principal place of business in Joliet, Illinois.  It is Trustee Under Trust #6243 dated December 18, 1997 and the legal title holder to the farmland which is the subject matter of this action.

4.      Defendant, Charles F. Connor is the Acting Secretary of the United States Department of Agriculture, having been sworn in as Deputy Secretary of Agriculture on May 2, 2005.

5.      Defendant, Farm Service Agency ("FSA") and the Natural Resource Conservation Service ("NRCS") (collectively referred to as the "Agencies") are branches of the United States Department of Agriculture.

6.      Defendant, the United States Department of Agriculture ("USDA") is a division of the federal government of the United States of America charged with implementing the Acts of Congress in the agricultural industry.

## JURISDICTION

7.      This Court has jurisdiction of this matter under 7 U.S.C. §6999 which provides for judicial review of the final determination of the National Appeals Division Director by any United States District Court of competent jurisdiction.  Jurisdiction also exists under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06, which provides for judicial review of final agency action adverse to a party.

2

8. This Court is a court of competent jurisdiction because the Bedekers reside in the Northern District of Illinois, Eastern Division and the farmland that is the subject of the Director's final determination is similarly located within the Northern District of Illinois, Eastern Division.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Bedekers reside in the Northern District of Illinois, Eastern Division and the Property involved is within the bounds of the Northern District of Illinois, Eastern Division. 28 U.S.C. § 1391(e)(3).

## STATEMENT OF FACTS

10. In or about 1998 the Bedekers acquired approximately 600 acres of farmland in Grundy County, Illinois. The area at issue in this action is identified by the USDA as Farm Serial Number 3103 ("FSN 3103"), and Tract 2663 ("Tract") and comprises approximately 8.5 acres of the 600 acre farm.

11. From 1998 to 2006, the Bedekers received farm program benefits from the USDA under various programs, as part of their farm operations.

12. The USDA has the responsibility for implementing the Food Security Act of 1985, 16 U.S.C. §§3821-23; Pub. L. 99-198, Title XII, 99 Stat. 1504; as amended under the Food, Agriculture, Conservation, and Trade Act of 1990, Pub. L. 101-624; 104 Stat. 3359 (hereinafter the "Act").

13. Under the Act, persons who violate certain provisions of the Act may become ineligible for government price support payments. 16 U.S.C. §§3801, 3821-24.

14.    The alleged activities in this case relate to an alleged conversion of a wetland on 8.5 acres of land on FN 3103, Tract 2663. These 8.5 acres are part of the Bedekers' farm which in total consists of over 600 acres.

15.    The NRCS alleged a wetland conversion took place in 1998 by the removal of trees and stumps by the Bedekers. On July 17, 2006, the Agency informed the Bedekers that their farm assistance privileges were revoked and that the Bedekers must repay their farm program benefits dating back to 1998 in the total amount of $485,965.44 plus interest and penalties. The FSA upheld this determination by decision dated March 16, 2007.

16.    Thereafter, the Bedekers sought administrative relief on several grounds in order to reverse the NRCS's determination by contesting the area in question is a wetland, by requesting a good faith finding and by requesting equitable relief.

17.    The administrative procedures as to the Bedekers' claim that the area is not a wetland concluded and a final administrative decision was issued on September 26, 2007, when the Deputy Director of the National Appeals Division ("NAD") of the Office of the Secretary of USDA issued its Director Review Determination which upheld the NAD Hearing Officer's July 10, 2007 Appeal Determination which denied the Bedeker's relief.

18.    The Bedekers sought judicial review of the Director Review Determination that the area in question is a wetland by filing an action in the United States District Court for the Northern District of Illinois captioned as, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust #6243 dated December 18, 1997 v. United States of America, Charles F. Connor, Acting Secretary of the United States Department of Agriculture, Farm Service Agency, Natural Resources Conservation Service, and the United States Department of Agriculture, No. 07-CV-6014 ("Bedeker I")

4

19.     Since filing their Complaint in <u>Bedeker I</u>, the administrative procedures on the Bedekers' request for good faith relief and equitable relief concluded and a final administrative decision was issued on February 27, 2008, when the Deputy Director of the National Appeals Division ("NAD") of the Office of the Secretary of USDA issued its Director Review Determination which upheld the NAD Hearing Officer's December 5, 2007 Appeal Determination which denied the Bedeker's request for good faith relief and request for equitable relief.  (A true and correct copy of the Deputy Director's Review Determination is attached as Exhibit "A".)   (A true and correct copy of the Hearing Officer's Appeal Determination is attached as Exhibit "B".)

20.     The Bedekers claim for good faith relief was based upon 7 C.F.R. §12.5(b)(5)(i) which provides that a party who has lost eligibility for USDA benefits may regain eligibility if the FSA determines that the person acted in good faith and without intent to violate the wetland provisions and if NRCS determines that the person is implementing agreed upon practices in a mitigation plan.  To determine whether the party has acted in good faith, the FSA can consider whether, the person should have known that a wetland existed; the NRCS had informed the person about the existence of a wetland; the person has a record of violating wetland provisions; or there is other information that demonstrates that the person has acted with the intent to violate the wetland provisions.  7 C.F.R. § 12.5(b)(5)(ii).

21.     FSA's Highly Erodible Land Conservation and Wetland Conservation Provisions Handbook provides additional factors that FSA can consider to determine if the party acted in good faith.  These factors include whether the producer was officially informed of the wetland determination by NRCS and whether there was any face-to-face discussion with the producer about the wetland, prior to the violation.  (FSA Handbook 6-CP (Rev.3), *Highly Erodible Land Conservation and Wetland Conservation Provisions*, Paragraph 737 (D), Page 7-96.)

22.     The Director of NAD may grant equitable relief in the same manner and to the same extent as FSA under 7 C.F.R. §11.9(e).  Under 7 C.F.R. § 718.303(a), a participant may receive payments if he or she takes action or fails to take action that is detrimental and that is based upon good faith reliance on the action or advice of an authorized representative of a county or state FSA committee.

23.     The record below amply demonstrates good faith relief and/or equitable relief are appropriate and should have been granted.

24.     It is undisputed that the Bedekers were given inaccurate information in 1998 by the Agency with regard to the Tract and it was not until 2006 that the Agency changed its view on the Tract and sought to recover payments dating back to 1998.  The Bedekers relied on this inaccurate information to their detriment.

25.     Moreover, the Agency did not have any further contact with the Bedekers until after 1998 and did not make a formal wetland determination until 2006.  There was never a mitigation plan entered into between the Agency and the Bedekers.

26.     This Court's review of an agency action is governed by the Administrative Procedures Act, 5 U.S.C. §§ 702-706. (the "APA").

## COUNT I – ADMINISTRATIVE PROCEDURES ACT

27.     The Bedekers repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

28.     For the reasons set forth in the record, including but not limited to the following, the February 27, 2008 determination of the Director of the NAD is arbitrary and capricious because (a) the Tract is not a wetland; (b) the underlying decisions ignored and wrongfully interpreted the elements for a finding of good faith and equitable relief and wrongly failed to grant good faith relief and/or equitable relief; (c) the underlying decisions are based on

admittedly wrong information provided by the Agency to the Bedekers; and (d) there was no formal wetland determination until 2006 (e) there was no mitigation plan agreed to between the Agency and the Bedekers.

WHEREFORE, Plaintiffs, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust #6243 dated December 18, 1997, respectfully request this Honorable Court to reverse the determination of the Director of the NAD, grant their request for good faith relief and/or equitable relief, issue a finding that the Agency is not entitled to any refund of any farm program benefits; and order the reinstatement of the Bedekers' eligibility for farm program benefits and grant such further and other relief as is just and proper.

## COUNT II – PRELIMINARY INJUNCTION

29.     The Bedekers repeat and reallege paragraphs 1 through 28 as though fully set forth herein.

30.     The February 27, 2008 determination of the Director of the NAD is the final order of the USDA and concludes all administrative proceedings available to the Bedekers.

31.     7 U.S.C. § 7000 provides for implementation of any final determination of the NAD no later than thirty (30) days after the effective date of the notice of the final determination.

32.     On the return of a case to an agency pursuant to the final determination of the NAD, the head of the agency is empowered to implement the final determination not later than the 30-day period.

33.     By timely filing the instant action for judicial review prior to expiration of the 30-day period, the Bedekers seek reversal or remand of that determination and a stay of any enforcement proceedings pending the outcome before this Court.

34.     The Bedekers can demonstrate the probability of success on the merits of their claims entitling them to a preliminary injunction preventing the Secretary of Agriculture or any other USDA personnel from implementing the determination.

35.     The Bedekers can demonstrate a sufficient threat of irreparable harm.    The USDA's demand for repayment of past farm program benefits and decertification of eligibility for future benefits is unreasonable and would cause an extreme level of harm if inflicted on the Bedekers.

36.     The Bedekers cannot be fully compensated by damages for the loss of the intangible value of their farming operation as a result of such disgorgement of past benefits or loss of future benefits.

37.     In balancing the harms, this Court must consider the balance between the harm to the Bedekers and the injury that the injunction's issuance would inflict on other interested parties and the public interest.

38.     The Bedekers alleged conversion of 8.5 acres of purported wetlands in a farming operation encompassing 600 acres is small, would have a minimal effect and may be subject to restoration.

39.     The public interest supports the issuance of an injunction in favor of the Bedekers.  The purposes and interests of the underlying legislation were intended to serve a preference for enjoining inequitable conduct and the public's interest in minimizing unnecessary costs to be met from public coffers.

40.     Even given the importance of preventing wetlands conversion, the issuance of a preliminary injunction would do nothing more than maintain the status quo, and thus would be appropriate and in line with public interest considerations.

WHEREFORE, Plaintiffs, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust # 6243 dated December 18, 1997 respectfully request this Honorable Court to issue a preliminary and eventual permanent injunction prohibiting the USDA, the Secretary and any personnel acting in his place or stead, from any implementation of the determination pending the ruling of this Court on the merits of Bedekers' Complaint and grant such further and other relief as is just and proper.

## COUNT III – DECLARATORY JUDGMENT

41.     Plaintiffs repeat and reallege paragraphs 1 through 40 as though fully set forth herein.

42.     The February 27, 2008 determination of the Director of the NAD was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; was in excess of his statutory jurisdiction, authority or limitations or short of statutory rights; was without observance of procedures required by law, and was unsupported by substantial evidence.

43.     For the reasons set forth in the record, including but not limited to the following, the February 27, 2008 determination of the Director of the NAD is arbitrary and capricious because (a) the area in question is not a wetland;  (b) the underlying decisions ignored and wrongfully interpreted elements for a finding of good faith and equitable relief and wrongly failed to grant good faith relief and/or equitable relief; (c) the underlying decisions are based on admittedly wrong information provided by the Agency to the Bedekers; and (d) there was no formal wetland determination until 2006 (e) there was no mitigation plan agreed to between the Agency and the Bedekers.

WHEREFORE, Plaintiffs, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust #6243 dated December 18, 1997, respectfully request this Honorable Court to reverse the determination of the Director of the NAD, issue a finding that

the Agency is not entitled to any refund of any farm program benefits; and order the

reinstatement of the Bedeker's eligibility for farm program benefits and grant such further and

other relief as is just and proper.

Respectfully submitted,

**JAMES AND SALLY BEDEKER, AND**
**FIRST MIDWEST TRUST COMPANY**
**TRUST #6243 dated December 18, 1997**

By: _____
One of Their Attorneys

Timothy J. McGonegle
Patrick T. Brankin
SCHAIN, BURNEY, ROSS & CITRON, LTD.
222 North LaSalle Street
Suite 1910
Chicago, IL 60601
(312) 332-0200 (phone)
(312) 332-4514 (fax)

F:\PTB\Bedeker\Complaint for Declaratory-3-11-08.doc



**USDA**

UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

## DIRECTOR REVIEW DETERMINATION

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| JAMES E. BEDEKER ) | **08 C 1711** |
| ) | |
| and ) | Case No. 2007E000867 |
| ) | **JUDGE ANDERSEN** |
| FARM SERVICE AGENCY ) | **MAGISTRATE JUDGE NOLAN** |
| ) | |
| and ) | |
| ) | |
| SALLY BEDEKER and TRUST 6235 ) | |
| THIRD PARTIES ) | |

On January 3, 2008, James E. Bedeker (Appellant) and Third Parties Sally Bedeker and Trust 6235 (collectively, Appellant) filed a request for a Director review of a National Appeals Division (NAD) Hearing Officer Determination issued on December 5, 2007. The Hearing Officer upheld the Farm Service Agency's (FSA) adverse determination, dated August 24, 2007, which denied Appellant's request for good faith relief concerning FSA's previously rendered wetland conversion determination. Appellant also requested equitable relief.

I uphold the Hearing Officer's determination as I have concluded upon review that it is supported by substantial evidence. I also deny equitable relief. In arriving at this decision, I have reviewed the applicable laws and regulations; the case record, including the hearing recording and the Hearing Officer's determination; Appellant's request for review; and FSA's response thereto.

### Issue in This Case

The issue I must address in this case is whether FSA appropriately denied Appellant's request for good faith relief. Specifically, I must determine if Appellant acted in good faith and did not intentionally violate the United States Department of Agriculture's (USDA) wetlands regulations. I must also determine if equitable relief may be appropriate because Appellant has shown he relied on erroneous information FSA provided him.

3101 Park Center Drive, Suite 1100
Alexandria, Virginia 22302
www.nad.usda.gov

An Equal Opportunity Employer

James E. Bedeker                                                                    3
Case No. 2007E000867

## Background

On December 21, 1998, NRCS contacted Appellant and warned him that he may be violating USDA's wetland regulations. File 2, Tab 15, Pages 3, 27, 40–41, and 93–94. On August 3, 1999, NRCS notified FSA, using Form FSA-569, that Appellant had cleared trees on a wetland in 1998 and that his property was indentified as now having converted wetland. File 2, Tab 15, Page 91. File 2, Tab 15, Page 90–91. NRCS noted in a cover letter to the Form FSA-569 that Appellant had "agreed to not farm the new[ly converted] acreage . . . [and that he planned] to seed it to some permanent grass and keep it out of production." File 2, Tab 15, Page 90. Appellant never reseeded the land converted in 1998 to a permanent cover. Appellant also continued to plant crops on the converted area and on other land he later converted from wetlands. File 2, Tab 15, Pages 8, 43, 75–81, and 95.

On July 13, 2006, FSA notified Appellant that he was ineligible for USDA programs beginning with the 1998 crop year. File 2, Tab 15, Pages 69–70. FSA also gave Appellant the opportunity to request a good faith determination. File 2, Tab 15, Pages 69–70 and 96. On July 17, 2006, FSA provided Appellant with an itemized listing of specific program payments, along with the interest and penalties due to FSA through August 10, 2006. File 2, Tab 15, Pages 63–68. As of July 17, 2006, Appellant owed FSA $485,965.44. File 2, Tab 15, Pages 63–68. On August 11, 2006, Appellant requested an FSA appeal of the wetland violation. File 2, Tab 15, Pages 40–41 and 61–62.

On November 2, 2006, the County Committee (COC) in Appellant's county heard Appellant's request for good faith relief. File 2, Tab 15, Pages 46–47. On November 15, 2006, the COC denied Appellant's request for good faith relief. The COC determined that NRCS had informed Appellant of the wetland provisions in 1998, and that Appellant had incorrectly certified that he was compliant with wetland regulations on his 1998, 2000, 2003, and 2005 Forms AD-1026 (Highly Erodible Land Conservation (HELC) and Wetland Conservation (WC) Certification). File 2, Tab 15, Pages 42–47 and 85–89.

Because of this outcome, Appellant requested mediation on November 30, 2006, but FSA and Appellant failed to resolve their differences at this meeting. File 2, Tab 15, Page 35. The COC formally denied Appellant's request for a good faith determination at its December 8, 2006 meeting. File 2, Tab 15, Page 52. On April 30, 2007, Appellant appealed the COC determination to deny Appellant's request for good faith relief to the FSA State Committee. File 2, Tab 15, Pages 37–39.

On May 9, 2007, NRCS confirmed the wetland violation. File 2, Tab 15, Pages 40–45 and 101–02. FSA noted that it informed Appellant of the COC's denial of his request for good faith relief on November 15, 2006. File 2, Tab 15, Pages 101–02. On August 24, 2007, the State Committee informed Appellant that good faith relief was denied. File 2, Tab 15, Page 2–6.

James E. Bedeker                                                                                     4
Case No. 2007E000867

Appellant appealed FSA's decision to NAD. File 1, Tab 2. A NAD Hearing Officer held a
hearing and concluded that FSA had acted consistently with its regulations. File 1, Tab 7.
Appellant subsequently filed this request for Director review. File 1, Tab 8.

### Analysis

I find that FSA did not err in determining that Appellant was ineligible for a good faith
exemption under the wetlands regulations. A party who has lost eligibility for USDA benefits
may regain eligibility if FSA determines that the person acted in good faith and without the
intent to violate the wetland provisions. 7 C.F.R. § 12.5(b)(5)(i). FSA Handbooks provide a
broad range of factors that FSA can examine to determine if a party has acted in good faith.
These factors include, but are not limited to, whether NRCS informed the person about the
existence of a wetland, whether the person has a record of violating the wetland provisions,
whether there is information that indicates an intent to violate the provisions, whether NRCS
officially informed the person of a wetland determination, and whether NRCS informed the
person face-to-face about a wetland prior to the violation. The burden is on Appellant to show
that FSA exceeded its authority when it determined Appellant failed to act in good faith.

FSA correctly cited several factors that indicated why Appellant was not eligible for a good faith
determination. For example, the FSA State Committee determined that Appellant was aware that
the wetlands regulations existed in 1998 because he filed a Form AD-1026 (Highly Erodible
Conservation (HELC) and Wetland Conservation (WC) Certification). It further noted that
Appellant was informed on December 21, 1998 and August 3, 1999 that he was or was about to
be out of compliance with the wetlands regulations and that a penalty may be levied. The second
of these letters was specific enough to put Appellant on notice that he had to reseed the area and
not plant crops in the area again. Despite this information, FSA presented valid evidence that
Appellant had (1) failed to reseed the area as discussed in the August 3, 1999 letter, (2)
continued to grow crops on the converted wetland, and (3) converted additional wetlands on the
same farm and another farm in violation of the wetland regulations. Such activity is sufficient to
show intent to violate wetlands regulations or a lack of good faith in following such regulations.

Appellant also misinformed FSA for years when filing his Forms AD-1026 (Highly Erodible
Conservation (HELC) and Wetland Conservation (WC) Certifications). Despite his knowledge
of conversion of several acres of wetland property, in 1998, 2000, 2003, and 2005 Appellant
certified to FSA that he had not converted any of his wetlands for cropland.

Appellant raises one major argument. He claims that the violations are not his fault because
NRCS incorrectly informed him that his activities were not considered a conversion of wetlands.
This argument is of limited persuasive value when viewed in the context of Appellant's actions.
The August 3, 1999 letter from NRCS to FSA that describes NRCS's interaction with Appellant
makes it clear that Appellant was aware that what he had done was out of compliance. The letter
states that "When [NRCS] met with [Appellant], he told us about the work that had been done
earlier, and we informed him that *he was out of compliance since he had cleared trees in a
wetland and planted a crop.*" File 2, Tab 15, Page 90 (emphasis added). The letter

James E. Bedeker                                                                                          5
Case No. 2007E000867

unequivocally states that Appellant would reseed the acreage and not plant crops on it.
Appellant's complaint that he received no further direction is irrelevant, given the fact that
NRCS believed Appellant would do what he said he would. Instead, and as the record makes
clear, Appellant never bothered to reseed and in fact increased production by clearing adjacent
areas and putting it into production. Such activity does not show that Appellant was innocently
misinformed, but rather shows that he intentionally violated the wetlands regulations.

Appellant also requests equitable relief, which I deny. A party may receive equitable relief if he
or she takes action or fails to take action that is detrimental and that is based upon good faith
reliance on the action or advice of an authorized representative of a county or state FSA
committee. For the same reasons described above, I am not inclined to grant equitable relief to
Appellant. Appellant knowingly farmed wetlands, failed to follow NRCS's directive of
August 3, 1999, and repeatedly filed certifications that were untrue for several years. The funds
sought by FSA are not a penalty that is being imposed but instead represent a refund of payments
for which Appellant was never eligible due to his farming these wetlands. Under the
circumstances, I find no basis to grant equitable relief in his case.

**Conclusion**

Based on the discussion above, I uphold the Hearing Officer's determination. I also find that
equitable relief is unwarranted.


M. TERRY JOHNSON                                     2/27/08
Deputy Director                                        DATE

James E. Bedeker                                                                                    2
Case No. 2007E000867

## Legal Standards

The controlling regulations are published at Parts 11, 12 and 718 of Title 7 of the Code of
Federal Regulations (C.F.R.). A person is ineligible for all or a portion of USDA program
benefits if he converts a wetland by draining, dredging, filling, leveling, removing woody
vegetation or using other means in order to make the production of agricultural commodities
possible. 7 C.F.R. § 12.4(a)(3). A person determined to be ineligible cannot obtain most
program benefits offered by USDA, including marketing assistance loans, price support, or
payment benefits, among other benefits. 7 C.F.R. § 12.4(c)–(d).

A party who has lost eligibility for USDA benefits (as described above) may regain eligibility if
FSA determines that the person acted in good faith and without the intent to violate the wetland
provisions and if NRCS determines that the person is implementing all practices in a mitigation
plan. 7 C.F.R. § 12.5(b)(5)(i). To determine whether the party has acted in good faith, FSA can
consider whether: the person should have known that a wetland existed; NRCS had informed the
person about the existence of a wetland; the person has a record of violating wetland provisions;
or there is other information that demonstrates that the person has acted with the intent to violate
the wetland provisions. 7 C.F.R. § 12.5(b)(5)(ii). FSA's Highly Erodible Land Conservation
and Wetland Conservation Provisions Handbook provides additional factors that FSA can
consider to determine if the party acted in good faith. These factors include whether the
producer was officially informed of the wetland determination by NRCS and whether there was
any face-to-face discussion with the producer about the wetland, prior to the violation. FSA
Handbook 6-CP (Rev. 3), *Highly Erodible Land Conservation and Wetland Conservation
Provisions*, Paragraph 737(D), Page 7-96. Further, in cases where a party seeks to obtain an
exemption based on good faith, it is that person's responsibility to provide evidence, such as
receipts, crop-history data, drawings, plans or similar information for purposes of determining
whether the conversion or other action is exempt. 7 C.F.R. § 12.5(b)(7).

The Director of NAD may grant equitable relief in the same manner and to the same extent as
FSA under applicable laws and regulations. 7 C.F.R. § 11.9(e). Under 7 C.F.R. § 718.303(a), a
participant may receive payments if he or she takes action or fails to take action that is
detrimental and that is based upon good faith reliance on the action or advice of an authorized
representative of a county or state FSA committee.

On an appeal to the National Appeals Division, Appellant bears the burden of proving by a
preponderance of the evidence that the adverse FSA decision is erroneous. *See* 7 C.F.R.
§ 11.8(e).

UNITED STATE DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

| | | |
|---|---|---|
| In the matter of | ) | |
| | ) | |
| JAMES E. BEDEKER | ) | |
| | ) | |
| and | ) | Case No. 2007E000867 |
| | ) | **08 C 1711** |
| FARM SERVICE AGENCY | ) | |
| | ) | **JUDGE ANDERSEN** |
| and | ) | **MAGISTRATE JUDGE NOLAN** |
| | ) | |
| THIRD PARTIES | ) | |
| SALLY BEDEKER | ) | |
| TRUST 6235 | ) | |

## APPEAL DETERMINATION

James E. Bedeker (Appellant) filed an appeal challenging a Farm Service Agency (FSA) adverse decision dated August 24, 2007. FSA denied Appellant's request for good faith relief. FSA decided Appellant did not act in good faith when he converted wetlands on Farm Number (FN) 149, Tract (T) 360 and FN 3103, T 2663. FSA based its decision on a Natural Resources Conservation Service (NRCS) final technical determination. NRCS is the agency within USDA, which in part is responsible for providing technical assistance to FSA in matters of wetland conversion.

Appellant contests the FSA good faith determination and requests relief regarding his ineligibility to receive USDA program benefits since 1998. Appellant contends the wetland violation occurred because of miscommunication and it was not an intentional violation. Appellant continues to dispute the wetland violation, however, the National Appeals Division (NAD) Director reviewed the issue in NAD Case No. 2007E000453, upheld the FSA wetland violation decision, and administratively finalized the case on September 26, 2007.

At Appellant's request, I held a telephone hearing on October 30, 2007, and closed the record on November 5, 2007. Based on the evidence and the arguments submitted by the parties, and the program regulations that apply to this situation, I conclude the FSA decision was not in error. The rationale for my decision follows.

I notified Third Parties of the appeal proceedings and the opportunity to participate, however neither responded to the notices nor participated in the proceedings.

James E. Bedeker
Case No. 2007E000867

## BACKGROUND

On July 13, 2006, FSA informed Appellant that his wetland violation caused his ineligibility for FSDA farm program benefits, beginning with the 1998 program year. The FSA letter specified all USDA program payments received since 1998, were due and payable with applicable penalties and interest charges. On July 13, 2006, FSA provided Appellant an itemized spreadsheet of the specific program payments, interest and penalties due through August 10, 2006, totaling $485,965.44.

On March 16, 2007, FSA issued a decision affirming an NRCS determination that Appellant and Third Parties converted wetland on FN 149, T 360, and FN 3103, T 2663, and were ineligible for USDA programs beginning with 1998. Appellant and Third Parties appealed the FSA decision in NAD Case No. 2007E000453. NAD's Hearing Officer held a telephone hearing on June 12, 2007, and issued an appeal determination on July 10, 2007, finding the FSA decision was not erroneous.

Appellant and Third Parties requested a Director Review of the Hearing Officer's July 10, 2007, determination. On September 26, 2007, the NAD Director issued an administratively final determination that Appellant and Third Parties converted wetland and failed to demonstrate FSA should excuse them from ineligibility for USDA programs. The NAD Director Review Determination is available at www.usda.nad.gov.

## STATEMENT OF THE ISSUES

I had to determine whether FSA correctly applied its regulations when it denied Appellant's request for good faith relief. To make this determination, I had to resolve the following questions:

1.  Did Appellant act in good faith?

2.  Do Appellant's arguments prove FSA erred?

3.  Do Appellant's arguments provide a basis for relief?

## FINDINGS OF FACT (FOF)

1.  On December 21, 1998, NRCS notified Appellant of USDA wetland provisions, provided wetland inventory maps and warned Appellant of the ramifications of clearing land to improve drainage. [*Agency Record, Pages 3, 27, 40-41, and 93-94*]

2.  On August 3, 1999, NRCS notified FSA by letter and Form FSA-569, that Appellant converted wetland by clearing trees in 1998. NRCS noted Appellant agreed to not farm the wetland area and to plant it in permanent vegetative cover to achieve compliance. [*Agency Record, Pages 2-3, 27, 47, 90-91, and 95*]

2

James E. Bedeker
Case No. 2007E000867

3. Appellant did not reseed the 1998 converted wetland area to a permanent cover. Appellant continued cropping activity on the converted area and converted other wetlands. [*Agency Record, Pages 3, 8, 26, 43, 4, 75-81, and 95*]

4. On July 13, 2006, FSA notified Appellant he was ineligible for USDA programs beginning with 1998, and gave him the opportunity to request a good faith determination. [*Agency Record, Pages 27, 69-70, and 96*]

5. On July 17, 2006, FSA provided Appellant with an itemed listing of specific program payments, interest and penalties due through August 10, 2006, for a grand total of $485,965.44. [Agency *Record, Pages 63-68*]

6. On August 11, 2006, Appellant requested an FSA appeal of the wetland violation and executed "Good Faith Determination – Wetland Activity" (Form AD-1069) requesting a good faith determination. [*Agency Record, Pages 40-41, 61-62, and 96*]

7. On November 2, 2006, FSA's County Committee (COC) heard Appellant's request for good faith relief. [*Agency Record, Pages 27, 40-41, 46-48, and 96*]

8. On November 15, 2006, the COC denied Appellant's request for good faith relief. The COC decided NRCS informed Appellant of the wetland provisions in 1998. The COC noted Appellant's incorrect certifications of wetland compliance on "Highly Erodible Land Conservation (HELC) and Wetland Conservation (WC) Certification "(Form AD-1026) in 1998, 1999, 2000, 2003 and 2004. [*Agency Record, Pages 27, 42-47, and 96*]

9. On November 30, 2006, Appellant requested mediation of the wetland issues. [*Agency Record, Pages 27, 35, and 96*]

10. The COC denied Appellant's request for a good faith determination during its December 8, 2006, meeting. [*Agency Record, Page 52*]

11. Mediation closed on April 30, 2007, without the parties reaching any agreement or resolution. [*Agency Record, Pages 27, 35, 38, and 96*]

12. On April 30, 2007, Appellant and Third Parties appealed the COC determination to deny Appellant's request for good faith relief to the FSA State Committee (STC). [*Agency Record, Pages 27, 38-39, and 96*]

13. On May 9, 2007, NRCS signed Form AD-1069, confirming the wetland violation. FSA signed the form and noted that it informed Appellant of the COC's denial of his request for good faith relief on November 15, 2006. [*Agency Record, Pages 40-45, and 101-102*]

14. On August 15, 2007, the STC heard the appeal for Appellant and Third Parties. The STC determined Appellant and Third Parties did not act in good faith and denied relief. [*Agency Record, Pages 7-9, and 26-28*]

James E. Bedeker
Case No. 2007E000867

15. On August 24, 2007, FSA notified Appellant it denied good faith relief because of the converted wetlands.  [*Agency Record, Pages 2-6*]


**DISCUSSION**

Part 11 of Title 7 of the Code of Federal Regulations (7 C.F.R.) governs the appeal.  Seven C.F.R. Parts 12 and 718 (2006) governs the issues on appeal.

Appellant failed to act in good faith.  Seven C.F.R. and FSA handbooks are silent regarding a definition for use in determining good faith.  Seven C.F.R. § 12.5(b)(5)(ii) sets forth that FSA shall consider such factors as whether the person was aware of the wetland; if NRCS had informed the person about the wetland; if the person converted the wetland; if the person has a record of violating wetland provisions; or if there exists other information that demonstrates the person acted with the intent to violate the wetland provisions.  FSA based the Appellant's lack of good faith on Appellant's awareness of the wetland provisions and the incorrect certifications of wetland compliance on Form AD-1026 in 1998, 1999, 2000, 2003 and 2004 [*FOF 1-2 and 8*].  Appellant did not disprove the FSA position that he was aware of wetland provisions or that he incorrectly completed Form AD-1026's [*FOF 1-3, 6, and 8*].  I find FSA has the discretionary authority to determine good faith issues.  In this case, Appellant did not prove FSA exceeded its authority when it determined he failed to act in good faith.

I considered Appellant's arguments and found them unpersuasive.  Seven C.F.R. § 12.5(b)(5) directs FSA to consider all information surrounding the wetland violation to determine good faith.  I understand Appellant's belief the wetland violation occurred because of miscommunication and it was not an intentional violation.  I also understand the monetary hardship the denial of good faith relief causes Appellant [*FOF 5*].  However, NRCS notified Appellant about USDA wetland provisions and violation consequences [*FOF 1-2*].  After NRCS notices, Appellant continued to violate the wetland provisions and incorrectly completed five certifications of wetland compliance [*FOF 1-3 and 8*].  I will not address the NRCS final technical determination on converted wetland or Appellant's resultant ineligibility for USDA programs, as the NAD Director issued an administratively final determination on these issues [*See Background*].  Appellant's arguments do not show FSA erred.

I considered Appellant's arguments for relief.  However, as a Hearing Officer, I have no authority to grant or deny equitable relief.  In accordance with 7 C.F.R. § 11.9(e), the Director has the authority to grant equitable relief to the same extent such authority is provided an agency. I will not determine the matter, but am responsible for developing a record to enable the Director to make a determination as to whether equitable relief should be granted.  If the Appellant wishes to request equitable relief, the request should be made in the request for Director review.

James E. Bedeker
Case No. 2007E000867

## DETERMINATION

Seven C.F.R. § 11.8(e) provides that an appellant bears the burden of proving that an agency's adverse decision is erroneous by a preponderance of the evidence. In this case, Appellant did not meet this burden. The Agency decision is not erroneous.

This is a final determination of the Department of Agriculture unless a timely request for review is filed.

Dated and mailed this 5th day of December 2007.

JORGA W. ALTMAN
Hearing Officer
National Appeals Division


Attachments:
Notice of Right to Request Director Review and/or Copy of Audio Record
Request for Director Review

James E. Bedeker
Case No. 2007E000867

Distribution of copies:

Appellant
James E. Bedeker
Post Office Box 570
Morris, Illinois  60450

Appellant's Representative
Patrick T. Brankin, Attorney at Law
Schain, Burney, Ross, and Citron, LTD
222 North LaSalle Street
Chicago, Illinois  60601-1102

Third Parties
Sally Bedeker
Post Office Box 570
Morris, Illinois  60450

Trust 6235
c/o James E. Bedeker
Post Office Box 570
Morris, Illinois  60450

Copy of this Appeal Determination sent from the National Appeals Division Eastern Regional
Office via Federal Express to:

FSA Administrator
c/o Appeals & Litigation Group
Farm Service Agency
1400 Independence Avenue, SW
Room 6722-S
Washington, DC  20250-0570