UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. BEDEKER, SALLY BEDEKER and FIRST MIDWEST TRUST COMPANY, TRUSTEE UNDER TRUST #6243 dated December 18, 1997, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 1711 |
| v. | ) ) | Judge Pallmeyer |
| UNITED STATES OF AMERICA, *et al.* | ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTION AND OTHER RELIEF

Defendants by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern

District of Illinois, for their answer to the complaint, state as follows:

1.     **Complaint:**     This is an action seeking judicial review of the final determination of the National Appeals Division ("NAD") of the United States Department of Agriculture ("USDA") adverse to the Bedekers denying their request for good faith relief and equitable relief concerning the Farm Service Agency's ("FSA") previously rendered wetland conversion determination which found the Bedekers ineligible to receive farm program benefits retroactive to 1998.

**Response:**     This is plaintiffs' characterization of their claim, and no response is

required.

## THE PARTIES

2.     **Complaint:**     Plaintiffs, James E. Bedeker and Sally Bedeker are citizens of the State of Illinois residing in Grundy County, Illinois and are beneficiaries of the land trust which holds title to certain farmland located in Grundy County, Illinois.

**Response:**     Admit.

3.     **Complaint:**    First Midwest Trust Company, is a national association with its principal place of business in Joliet, Illinois.  It is Trustee Under Trust #6243 dated December 18, 1997 and the legal title holder to the farmland which is the subject matter of this action.

**Response:**    Defendants state that they are without knowledge or information

sufficient  to form a belief as to the truth of the allegations contained in paragraph 3.

4.     **Complaint:**    Defendant, Charles F. Connor is the Acting Secretary of the United States Department of Agriculture, having been sworn in as Deputy Secretary of Agriculture on May 2, 2005.

**Response:**    Admit.

5.     Defendant, Farm Service Agency ("FSA") and the Natural Resource Conservation Service ("NRCS") (collectively referred to as the "Agencies") are branches of the United States Department of Agriculture.

**Response:**    Admit.

6.     **Complaint:**    Defendant, the United States Department of Agriculture ("USDA") is a division of the federal government of the United States of America charged with implementing the Acts of Congress in the agricultural industry.

**Response:**    Admit.

## JURISDICTION

7.     **Complaint:**    This Court has jurisdiction of this matter under 7 U.S.C. § 6999 which provides for judicial review of the final determination of the National Appeals Division Director by any United States District Court of competent jurisdiction.  Jurisdiction also exists under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06, which provides for judicial review of final agency action adverse to a party.

**Response:**    Defendants admit jurisdiction.

8.     **Complaint:**    This Court is a court of competent jurisdiction because the Bedekers reside in the Northern District of Illinois, Eastern Division and the farmland that is the subject of the Director's final determination is similarly located within the Northern District of Illinois, Eastern Division.

**Response:**    Admit.

2

## VENUE

9.    **Complaint:**    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Bedekers reside in the Northern District of Illinois, Eastern Division and the Property involved is within the bounds of the Northern District of Illinois, Eastern Division. 28 U.S.C. § 1391(e)(3).

**Response:**    Admit.

## STATEMENT OF FACTS

10.    **Complaint:**    In or about 1998 the Bedekers acquired approximately 600 acres of farmland in Grundy County, Illinois. The area at issue in this action is identified by the USDA as Farm Serial Number 3103 ("FSN 3103"), and Tract 2663 ("Tract") and comprises approximately 8.5 acres of the 600 acre farm.

**Response:**    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 as to the date the Plaintiffs acquired their property.  Defendants admit the part of the allegations in the second sentence of paragraph 10 pertaining to the farm designations.

11.    **Complaint:**    From 1998 to 2006, the Bedekers received farm program benefits from the USDA under various programs, as part of their farm operations.

**Response:**    Defendants admit the allegations contained in paragraph 11 that the Plaintiffs received farm program benefits from USDA.

12.    **Complaint:**    The USDA has the responsibility for implementing the Food Security Act of 1985, 16 U.S.C. § § 3821-23; Pub. L. 99-198, Title XII, 99 Stat. 1504; as amended under the Food, Agriculture, Conservation, and Trade Act of 1990, Pub. L. 101-624; 104 Stat. 3359 (hereinafter the "Act").

**Response:**    Admit.

13.    **Complaint:**    Under the Act, persons who violate certain provisions of the Act may become ineligible for government price support payments. 16 U.S.C. §§3801, 3821-24.

**Response:**    Admit.

14.    **Complaint:**    The alleged activities in this case relate to an alleged conversion of a wetland on 8.5 acres of land on FN 3103, Tract 2663. These 8.5 acres are part of the Bedekers' farm which in total consists of over 600 acres.

**Response:**    Admit.

15.    **Complaint:**    The NRCS alleged a wetland conversion took place in 1998 by the removal of trees and stumps by the Bedekers.  On July 17, 2006, the Agency informed the Bedeckers that their farm assistance privileges were revoked and that the Bedekers must repay their farm program benefits dating back to 1998 in the total amount of $485,965.44 plus interest and penalties. The FSA upheld this determination by decision dated March 16, 2007.

**Response:**    Deny the statement regarding the NRCS allegation.  Initial conversion

activities began in or near 1997 and continued through 2005.   Defendants admit the allegations in

the second and third sentences of said paragraph 15.

16.    **Complaint:**    Thereafter, the Bedekers sought administrative relief on several grounds in order to reverse the NRCS's determination by contesting the area in question is a wetland, by requesting a good faith finding and by requesting equitable relief.

**Response:**    Admit.

17.    **Complaint:**    The administrative procedures as to the Bedekers' claim that the area is not a wetland concluded and a final administrative decision was issued on September 26, 2007, when the Deputy Director of the National Appeals Division ("NAD") of the Office of the Secretary of USDA issued its Director Review Determination which upheld the NAD Hearing Officer's July 10, 2007 Appeal Determination which denied the Bedeker's relief.

**Response:**    Admit.

18.    **Complaint:**    The Bedekers sought judicial review of the Director Review Determination that the area in question is a wetland by filing an action in the United States District Court for the Northern District of Illinois captioned as, James E. Bedeker, Sally Bedeker and First Midwest Trust Company, Trustee Under Trust #6243 dated December 18, 1997 v. United States of America, Charles F. Connor, Acting Secretary of the United States Department of Agriculture, Farm Service Agency, Natural Resources Conservation Service, and the United States Department of Agriculture. No. 07-CV-6014 ("Bedeker I")

**Response:**    Admit.

4

19.    **Complaint:**    Since filing their Complaint in <u>Bedeker I</u>, the administrative procedures on the Bedekers' request for good faith relief and equitable relief concluded and a final administrative decision was issued on February 27, 2008, when the Deputy Director of the National Appeals Division ("NAD") of the Office of the Secretary of USDA issued its Director Review Determination which upheld the NAD Hearing Officer's December 5, 2007 Appeal Determination which denied the Bedeker's request for good faith relief and request for equitable relief.  (A true and correct copy of the Deputy Director's Review Determination is attached as Exhibit "A".) ( A true and correct copy of the Hearing Officer's Appeal Determination is attached as Exhibit "B".)

**Response:**    Admit.

20.    **Complaint:**    The Bedekers claim for good faith relief was based upon 7 C.F.R. §12.5(b)(5)(i) which provides that a party who has lost eligibility for USDA benefits may regain eligibility if the FSA determines that the person acted in good faith and without intent to violate the wetland provisions and if NRCS determines that the person is implementing the agreed upon practices in a mitigation plan.  To determine whether the party has acted in good faith, the FSA can consider whether, the person should have known that a wetland existed; the NRCS had informed the person about the existence of a wetland; the person has a record of violating wetland provisions; or there is other information that demonstrates that the person has acted with the intent to violate the wetland provisions.  7 C.F.R. §12.5(b)(5)(ii).

**Response:**    Defendants admit that this paragraph paraphrases the regulations.

Defendants deny said paragraph 20 to the extent that it differs from the express language of 7 C.F.R.

§12.5(b)(5)(i) and 7 C.F.R. §12.5(b)(5)(ii).

21.    **Complaint:**    FSA's Highly Erodible Land Conservation and Wetland Conservation Provisions Handbook provides additional factors that FSA can consider to determine if the party acted in good faith.  These factors include whether the producer was officially informed of the wetland determination by NRCS and whether there was any face-to-face discussion with the producer about the wetland, prior to the violation.  (FSA Handbook 6-CP (Rev. 3), *Highly Erodible Land Conservation and Wetland Conservation Provisions*, Paragraph 737 (D), Page 7-96.)

**Response:**    Defendants admit that this paragraph paraphrases the regulations.

Defendants deny said paragraph 21 to the extent that it differs from the express language of FSA

Handbook 6-CP (Rev. 3), *Highly Erodible Land Conservation and Wetland Conservation Provisions*.

22.   **Complaint:**   The Director of NAD may grant equitable relief in the same manner and to the same extent as FSA under 7 C.F.R. §11.9(e).  Under 7 C.F.R. §718.303(a), a participant may receive payments if he or she takes action or fails to take action that is detrimental and that is based upon good faith reliance on the action or advice of an authorized representative of a county or state FSA committee.

    **Response:**   Admit.

23.   **Complaint:**   The record below amply demonstrates good faith and/or equitable relief are appropriate and should have been granted.

    **Response:**   Deny.

24.   **Complaint:**   It is undisputed that the Bedekers were given inaccurate information in 1998 by the Agency with regard to the Tract and it was not until 2006 that the Agency changed its view on the Tract and sought to recover payments dating back to 1998.  The Bedekers relied on this inaccurate information to their detriment.

    **Response:**   Defendants admit that the agency gave the Bedekers information in 1998 regarding the Tract, including some inaccurate information.  Defendants deny that the inaccurate information was relevant to the Bedekers' actions or the agency's 2006 decision.  The 2006 decision revoking benefits was based on wetland conversion activities which plaintiffs performed after 1998, in violation of the District Conservationist's admonition that plaintiff's should cease such actions.   Defendants further deny the allegation in the second sentence of said paragraph 24.

25.   **Complaint:**   Moreover, the Agency did not have any further contact with the Bedekers until after 1998 and did not make a formal wetland determination until 2006.  There was never a mitigation plan entered into between the Agency and the Bedekers.

    **Response:**   Defendants admit that the Agency gave the Bedekers information in 1998 regarding the Tract and that a formal wetland determination was made in 2006. Defendants admit that a mitigation plan was never entered into between the Agency and the

Bedekers, however, the Defendants deny that it was their responsibility to contact the Bedekers

regarding a mitigation plan.

26.    **Complaint:**    This Court's review of an agency action is governed by the Administrative Procedures Act, 5 U.S.C. §§702-706. (the "APA").

   **Response:**    Admit.

## COUNT I - ADMINISTRATIVE PROCEDURES ACT

27.    **Complaint:**    The Bedekers repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

   **Response:**    Defendants' responses are set forth above.

28.    **Complaint:**    For the reasons set forth in the record, including but not limited to the following, the February 27, 2008 determination of the Director of the NAD is arbitrary and capricious because (a) the Tract is not a wetland; (b) the underlying decisions ignored and wrongfully interpreted the elements for a finding of good faith and equitable relief and wrongly failed to grant good faith and/or equitable relief; (c) the underlying decisions are based on admittedly wrong information provided by the Agency to the Bedekers; and (d) there was no formal wetland determination until 2006 (e) there was no mitigation plan agreed to between the Agency and the Bedekers.

   **Response:**    Deny.

## COUNT II— PRELIMINARY INJUNCTION

29.    **Complaint:**    The Bedekers repeat and reallege paragraphs 1 through 28 as though fully set forth herein.

   **Response:**    Defendants' responses are set forth above.

30.    **Complaint:**    The February 27, 2008 determination of the Director of the NAD is the final order of the USDA and concludes all administrative proceedings available to the Bedekers.

   **Response:**    Admit.

31.    **Complaint:**    7 U.S.C. § 7000 provides for implementation of any final determination of the NAD no later than thirty (30) days after the effective date of the notice of the final determination.

**Response:**    Admit.

32.    **Complaint:**    On the return of a case to an agency pursuant to the final determination of the NAD, the head of the agency is empowered to implement the final determination not later than the 30-day period.

**Response:**    Admit.

33.    **Complaint:**    By timely filing the instant action for judicial review prior to expiration of the 30-day period, the Bedekers seek reversal or remand of that determination and a stay of any enforcement proceedings pending the outcome before this Court.

**Response:**    The allegations contained in paragraph 33 are plaintiffs' characterization of this action and thus no response is required. To the extent a response is required, defendants deny all the allegations.

34.    **Complaint:**    The Bedekers can demonstrate the probability of success on the merits of their claims entitling them to a preliminary injunction preventing the Secretary of Agriculture or any other USDA personnel from implementing the determination.

**Response:**    Deny.

35.    **Complaint:**    The Bedekers can demonstrate a sufficient threat of irreparable harm. The USDA's demand for repayment of past farm program benefits and decertification of eligibility for future benefits is unreasonable and would cause an extreme level of harm if inflicted on the Bedekers.

**Response:**    Deny.

36.    **Complaint:**    The Bedekers cannot be fully compensated by damages for the loss of the intangible value of their farming operation as a result of such disgorgement of past benefits or loss of future benefits.

**Response:**    Deny.

37.    **Complaint:**    In balancing the harms, this Court must consider the balance between the harm to the Bedekers and the injury that the injunction's issuance would inflict on other interested parties and the public interest.

**Response:**    Deny.

38.    **Complaint:**    The Bedekers alleged conversion of 8.5 acres of purported wetlands in a farming operation encompassing 600 acres is small, would have a minimal effect and may be subject to restoration.

       **Response:**    Deny.

39.    **Complaint:**    The public interest supports the issuance of an injunction in favor of the Bedekers. The purposes and interests of the underlying legislation was intended to serve a preference for enjoining inequitable conduct and the public's interest in minimizing unnecessary costs to be met from public coffers.

       **Response:**    Deny.

40.    **Complaint:**    Even given the importance of preventing wetlands conversion, the issuance of a preliminary injunction would do nothing more than maintain the <u>status quo,</u> and thus would be appropriate and in line with public interest considerations.

       **Response:**    Deny.

## COUNT III — DECLARATORY JUDGMENT

41.    **Complaint:**    Plaintiffs repeat and reallege paragraphs 1 through 40 as though fully set forth herein.

       **Response:**    Defendants' responses are set forth above.

42.    **Complaint:**    The February 27, 2008 determination of the Director of the NAD was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; was in excess of his statutory jurisdiction, authority or limitations or short of statutory rights; was without observance of procedures required by law, and was unsupported by substantial evidence.

       **Response:**    Deny.

43.    **Complaint:**    For the reasons set forth in the record, including but not limited to the following, the February 27, 2008 determination of the Director of the NAD is arbitrary and capricious because (a) the area in question is not a wetland; (b) the underlying decisions ignored and wrongfully interpreted elements for a finding of good faith and equitable relief and wrongly failed to grant good faith and/or equitable relief; (c) the underlying decisions are based on admittedly wrong information provided by the Agency to the Bedekers; and (d) there was no formal wetland determination until 2006 (e) there was no mitigation plan agreed to between the Agency and the Bedekers.

       **Response:**    Deny.

Defendants further deny all allegations of the complaint not specifically admitted.

WHEREFORE, defendants request that the case be dismissed with costs and that the court

award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov